UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TOMISHA MACK, o/b/o R.N., a minor child,

Plaintiff,

v.

CITY OF BUFFALO,
ALEXANDER BRENNAN
JOSHUA KACZMAREK

Defendants.

---

**NOTICE OF REMOVAL**

TO THE CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § § 1441 and 1446, the City Defendants, above-named, by their undersigned attorney, hereby remove to this Court the civil action filed in New York State Supreme Court, Erie Count, bearing Index Number 816622/2026. In support of this notice, the City Defendants state:

1. Plaintiff filed a Summons and Complaint against the City Defendants in state court on August 10, 2026. The City Defendants were served with the pleadings on or about August 18. 2026.

2. An index identifying each document filed or served in the state court action is attached at page 3 of this Notice of Removal. Copies of these documents are also attached to this notice as exhibits.

3. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the Plaintiff's Complaint asserts claims against the Defendants arising under 42 U.S.C. § 1983.

4. Venue is proper pursuant to 28 U.S.C. § 1441(a) as this Court is the federal district court for the district embracing the place where the state court action is pending.

5. The City Defendants file this Notice of Removal so that the action now pending in state court is removed to this Court for all further proceedings.

Dated: September 17, 2026
Bufalo, New York

ROSA ALINA PIZZI
Corporation Counsel
Attorney for Defendants

____________________________
Kurt Snuszka, Esq.
Deputy Corporation Counsel
City of Buffalo Department of Law
65 Niagara Square, 1100 City Hall
Buffalo, New York 14202
Tel.: (716) 581-4082

## INDEX OF DOCUMENTS FILED OR SERVED IN STATE COURT PRIOR TO REMOVAL

Ex. A: Summons and Complaint

Ex. B: Affirmation of Service on the City of Buffalo

Ex. C: Affirmation of Service on Officer Alexander Brennan

Ex. D: Affirmation of Service on Officer Joshua Kaczmarek

Ex. E: Answer

Ex. F: Plaintiff's Discovery Demands

Ex. G: Preliminary Conference Request

Ex. H: Request for Judicial Intervention

**CERTIFICATE OF FILING AND SERVICE**

Promptly after filing this Notice of Removal in this Court, I will file the same on the New York State Courts Electronic Filing System, which will give notice to Plaintiffs and state court of the removal.

Dated: September 17, 2026
Bufalo, New York

ROSA ALINA PIZZI
Corporation Counsel
Attorney for Defendants

_____________________________
Kurt Snuszka, Esq.
Deputy Corporation Counsel
City of Buffalo Department of Law
65 Niagara Square, 1100 City Hall
Buffalo, New York 14202
Tel.: (716) 581-4082

# EXHIBIT

# A

**IN THE SUPREME COURT OF ERIE COUNTY, NEW YORK**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **TOMISHA MACK, o/b/o R.N., a minor child** (Plaintiff) | * * * | Plaintiff designates **ERIE COUNTY** as the Proper Venue |
| **vs.** | * * | |
| | * | **Case/Index#** ___________ |
| **CITY OF BUFFALO, NEW YORK, ALEXANDER BRENNAN, JOSHUA KACZMAREK** (Defendants) | * * * * | Venue is proper as one or more Defendants are located in this county. |

# SUMMONS

**To the Person(s) Named as Defendant(s) Above:**

**YOU ARE HEREBY SUMMONED** to answer the complaint of the Plaintiff(s) herein and to serve a copy of your answer on the Plaintiff(s) at the address indicated below within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the summons is not delivered personally to you within the State of New York.

**YOU ARE HEREBY NOTIFIED** that should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

**Dated: August 7, 2026.**

Respectfully Submitted:
Attorney for Plaintiff(s)

**/s/ Mark Overall** M. Overall

Mark A. Overall, Esq.
**UNITED LEGAL FIGHTERS**
3960 Harlem Road, Suite 4
Buffalo, New York 14226
Cell: 716.777.6554
Email: askmarkesq@gmail.com

**IN THE SUPREME COURT OF ERIE COUNTY, NEW YORK**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **TOMISHA MACK, o/b/o R.N., a minor child**<br>(Plaintiff)<br><br>**vs.**<br><br><br>**CITY OF BUFFALO, NEW YORK,**<br>**ALEXANDER BRENNAN,**<br>**JOSHUA KACZMAREK**<br>(Defendants) | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | <br><br><br><br>**Case/Index# _______________**<br><br>**PLAINTIFF DEMANDS A JURY TRIAL** |

## COMPLAINT

**PLAINTIFF, TOMISHA MACK, on behalf of R.N., a minor child**, by and through the undersigned counsel, asserts the following:

## I. JURISDICTION AND VENUE

1. This Court has general jurisdiction over civil actions in New York State for claims of this nature. Additionally, venue is proper because all of the Defendants are located in Erie County, New York and the events which gave rise to this action occurred in said county.

## II. PARTIES

1. **Plaintiff Tomisha Mack** ("Plaintiff") is a citizen of the United States who is over the age of majority. She is the parent and legal guardian of R.N., a minor child, who was 14 years old when the acts that gave rise to this action occurred.

2. Made Defendant(s) herein is/are:

(a) **Defendant City of Buffalo, New York**, ("City") is a municipal corporation located in the County of Erie, State of New York. Said defendant was previously issued a Notice of Claim and more than thirty (30) days have elapsed since the submission of the same.

(b) **Defendant Alexander Brennan** ("Brennan") is an individual over the age of majority who was working as a City of Buffalo Police Officer at all times relevant to this action and, thus, operating under the color of state law. He is being sued in his personal/individual capacity.

(c) **Defendant Joshua Kaczmarek** ("Kaczmarek") is an individual over the age of majority who was working as a City of Buffalo Police Officer at all times relevant to this action and, thus, operating under the color of state law. He is being sued in his personal/individual capacity.

## III. FACTUAL ALLEGATIONS

1. On or about May 10, 2025, between 8-11pm, Defendants Brennan and Kaczmarek responded to the area of the Eggert Road entrance of the 33 Expressway eastbound in Buffalo, Erie County, New York. Additional Buffalo Police Officers subsequently responded to the area as well.

2. The aforementioned defendants were responding to a report and 911 call concerning both a stolen vehicle and a motor vehicle accident. This is not in dispute.

3. Upon arrival, defendants Brennan and Kaczmarek both seized the minor child, R.N. Subsequently, Defendants Brennan and Kaczmarek, at various times, proceeded to punch the minor child, R.N., in the face and head repeatedly despite R.N. not resisting arrest or striking, punching, kicking, or exerting any force or violence against these officers. When one defendant was not punching R.N. in the head, he was present and failed to intervene and prevent the other from doing so.

4. **This entire incident was captured both on the officers' body cameras and on the cell phones of others walking and driving by and witnessing this.**

5. R.N. was arrested and subsequently taken to Erie County Medical Center where it was confirmed that R.N. sustained nasal fractures due to the repeated blows of the officers. Additionally, the minor child, R.N., continued to suffer headaches and migraines long after the incident date.

6. Unfortunately, Defendant City of Buffalo, through its retention of, and failure to take appropriate disciplinary action against, officers who have demonstrated a propensity of brutality, violence, and lawlessness, has cultivated a police department where there is a culture of such brutality, violence, and lawlessness and has led to an internal belief amongst its police officers that this unconstitutional behavior will be defended, ratified, and, thus, sanctioned by the City. Thus, this excessive use of force was the by-product of a *de facto* policy or custom instituted, tolerated, and continued by the City which has resulted in R.N.'s injuries.

7. Moreover, on a state law level, Defendants Brennan and Kaczmarek, committed this lawless battery on the minor child, R.N., while responding to a call for service and while effectuating an arrest, albeit unlawfully and while doing so using excessive force. Consequently, these defendants were acting in the course and scope of their employment as city police officers, thus making the City liable for their actions.

8. A Notice of Claim was timely filed with the City. Counsel for the City proceeded with a 50-H examination under oath for both Plaintiff and the minor child, R.N. Additionally, Counsel for the City has in its possession the medical records, as well as the videos capturing the assault.

9. Despite this, and for whatever reason, all attempts at an amicable resolution have failed. This suit follows.

## IV. CAUSES OF ACTION

### A. 42 U.S.C. §1983-EXCESSIVE FORCE

10. Plaintiff adopts all preceding paragraphs and incorporates them by reference in this claim.

11. As stated above, Defendants Brennan and Kaczmarek, at various times, proceeded to punch the minor child, R.N., in the face and head repeatedly despite R.N. not resisting arrest or striking, punching, kicking, or exerting any force or violence against these officers. Defendant City of Buffalo, through its retention of, and failure to take appropriate disciplinary action against, officers who have demonstrated a propensity of brutality, violence, and lawlessness, has cultivated a police department where there is a culture of such brutality, violence, and lawlessness and has led to an internal belief amongst its police officers that this unconstitutional behavior will be defended, ratified, and, thus, sanctioned by the City. Thus, this excessive use of force was the by-product of a *de facto* policy or custom instituted, tolerated, and continued by the City which has resulted in Plaintiff's injuries and this is in violation of clearly established federal law. **Consequently, all of the Defendants are jointly and severally liable for this claim.**

### B. STATE LAW BATTERY

12. Plaintiff adopts all preceding paragraphs and incorporates them by reference in this claim.

13. As stated above, Defendants Brennan and Kaczmarek, at various times, proceeded to punch the minor child, R.N., in the face and head repeatedly despite R.N. not resisting arrest or striking, punching, kicking, or exerting any force or violence against these officers. Additionally, these defendants committed this lawless battery on the minor child, R.N., while

responding to a call for service and while effectuating an arrest, albeit unlawfully and while doing so using excessive force. Consequently, these defendants were acting in the course and scope of their employment as city police officers, thus making the City liable for their actions. **Consequently, all of the Defendants are jointly and severally liable for this claim.**

### C. 42 U.S.C. §1983-FAILURE TO INTERVENE

14. Plaintiff adopts all preceding paragraphs and incorporates them by reference in this claim.

15. As stated above, Defendants Brennan and Kaczmarek, at various times, proceeded to punch the minor child, R.N., in the face and head repeatedly despite R.N. not resisting arrest or striking, punching, kicking, or exerting any force or violence against these officers. When one defendant was not punching R.N. in the head, he was present and failed to intervene and prevent the other from doing so, despite being in position and being legally and constitutionally obligated to do so. **Consequently, Defendants Brennan and Kaczmarek are liable for this claim.**

## V. DAMAGES

As a result of the Defendants' actions, R.N., the minor child, suffered serious personal injuries, mental anguish and discomfort, loss of convenience and time, as well as all tangible and intangible and emotional consequences that are derived from being the subject of the aforementioned civil rights violations that will later be fleshed out in greater detail during discovery.

## PRAYER FOR RELIEF

**FOR THESE REASONS, PLAINTIFF, TOMISHA MACK, o/b/o R.N., a minor child**, prays for the following relief:

a) To have all issues and claims asserted herein tried by a jury;

b) To have a judgment entered in Plaintiff's favor against the Defendants for **$300,000**;

c) An award for attorney's fees and litigation costs;

d) Any other relief that Plaintiff is entitled to.

Respectfully Submitted:
Attorney for Plaintiff

**/s/ Mark Overall** M.Overall
Mark A. Overall, Esq.

**UNITED LEGAL FIGHTERS**
3960 Harlem Road, Suite 4
Buffalo, New York 14226
Cell: 716.777.6554
Email: askmarkesq@gmail.com

## VERIFICATION

I, **TOMISHA MACK, o/b/o R.N., a minor child,** do affirm under the penalty of perjury under the laws of the State of New York, the following:

1. I, **Tomisha Mack, parent and guardian of the minor child, R.N.**, am the Plaintiff named in this action;

2. I have read the foregoing and know the contents herein;

3. The contents of the foregoing are true to my knowledge, except as to those statements stated to be alleged upon information and belief, and that those matters I also believe to be true. My belief is based on my review of documents and materials pertaining this matter.

**Tomisha Mack**, Plaintiff

**AFFIRMATION OF SERVICE**

I affirm that I will serve a copy of the foregoing upon the following parties at the known addresses:

**/s/ Mark A. Overall** M. Overall
Mark A. Overall, Esq.
Attorney for Plaintiff

**City of Buffalo Law Department**
65 Niagara Square (City Hall), Room 1100
Buffalo, New York 14202

**Alexander Brennan**
c/o City of Buffalo Police Department
68 Court Street
Buffalo, New York 14202

**Joshua Kaczmarek**
c/o City of Buffalo Police Department
68 Court Street
Buffalo, New York 14202

# EXHIBIT

# B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ERIE

Job #: 1537352

Attorney: PH:
Address:

| | |
|---|---|
| TOMISHA MACK, O/B/O R.N., A MINOR CHILD *Plaintiff* | Index Number: |
| vs | Date Filed: |
| CITY OF BUFFALO, NEW YORK | Client's File No.: |
| *Defendant* | Court Date: |

**MONIQUE GEISING**, affirms and says:

# AFFIRMATION OF SERVICE

Deponent is not a party herein; is over the age of 18 years and resides in the State of New York.

On **8/18/2026**, at **1:20 PM** at: **65 NIAGARA SQUARE ROOM 1100, Buffalo, NY 14202** Deponent served the within **Summons and Complaint with Notice of Commencement of Action Subject to Mandatory Electronic Filing**

On: **CITY OF BUFFALO LAW DEPARTMENT**, therein named.

☐ **#1 INDIVIDUAL**
By delivering a true copy of each to said recipient personally; Deponent knew the person so served to be the person described in as said recipient therein.

☐ **#2 SUITABLE AGE PERSON**
By delivering thereat a true copy of each to (PARALEGAL/Authorized to accept) a person of suitable age and discretion. Said premises is recipient's: [] actual place of business / employment [] dwelling house (usual place of abode) within the state.

☐ **#3 AFFIXING TO DOOR**
By affixing a true copy of each to the door of said premises which is defendants
[] actual place of business / employment [] dwelling house (usual place of abode) within the state. Deponent was unable with due diligence to find defendant or person of suitable age and discretion thereat having called there
"Your deponent made inquiry as to the Defendant's current place of employment from the Plaintiff's counsel, who did not have such information; no employment information was available from any neighbor or other person with knowledge, and no such information is otherwise known to deponent"

☐ **#4 MAILING**
On , deponent enclosed a copy of same in a postpaid envelope properly addressed to defendant at defendant's last known [] Actual Place of Residence [] Actual Place of Business, and deposited the envelope in an official depository, personally or via agency, under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "personal and confidential" and did not indicate on the outside, thereof by return address or otherwise that the communication was from an attorney or concerned an action against the defendant.

☒ **#5 Corporation or Partnership or Trust or LLC**
By delivering thereat a true copy of each to SARAH MILLER personally. Deponent knew said corporation/partnership/trust/LLC so served to be the corporation/partnership/trust/LLC described in said aforementioned document as said defendant and knew said individual to be PARALEGAL/Authorized to accept thereof.

☒ **#6 PERCEIVED DESCRIPTION**
**Gender**: Female **Race**: White **Color of hair**: Brown **Glasses**: Yes
**Age**: 51 - 65 Yrs. **Height**: 5' 4" - 5' 8" **Weight**: 131-160 Lbs. **Other Features**:

☐ **#7 MILITARY SERVICE**
I asked the person spoken to whether defendant was in active military service of the United States or the State of New York in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated.

☐ **#8 WITNESS FEES**
Subpoena Fee Tendered in the amount of

☐ **#9 OTHER**

**I affirm on 8/19/2026 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, except as to matters alleged on information and belief and as to those matters I believe it to be true, and I understand that this document may be filed in an action or proceeding in a court of law.**

MONIQUE GEISING

*ESQUIRE PROCESS SERVICE LLC, P.O. BOX 337, LACKAWANNA, NY 14218*

# EXHIBIT

# C

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF ERIE** **Job #: 1537353**

**Attorney:** **PH:**
**Address:**

| | |
|---|---|
| TOMISHA MACK, O/B/O R.N., A MINOR CHILD *Plaintiff* | **Index Number:** |
| *vs* | **Date Filed:** |
| CITY OF BUFFALO, NEW YORK | **Client's File No.:** |
| *Defendant* | **Court Date:** |

**MONIQUE GEISING**, affirms and says:

# AFFIRMATION OF SERVICE

Deponent is not a party herein; is over the age of 18 years and resides in the State of New York.

On **8/18/2026**, at **1:15 PM** at: **68 COURT STREET, Buffalo, NY 14202** Deponent served the within **Summons and Complaint with Notice of Commencement of Action Subject to Mandatory Electronic Filing**

On: **ALEXANDER BRENNAN C/O BUFFALO POLICE DEPT**, therein named.

☐ **#1 INDIVIDUAL**
By delivering a true copy of each to said recipient personally; Deponent knew the person so served to be the person described in as said recipient therein.

☒ **#2 SUITABLE AGE PERSON**
By delivering thereat a true copy of each to AMELITE KING (Report Technician/Authorized to accept) a person of suitable age and discretion. Said premises is recipient's:[X] actual place of business / employment [] dwelling house (usual place of abode) within the state.

☐ **#3 AFFIXING TO DOOR**
By affixing a true copy of each to the door of said premises which is defendants
[] actual place of business / employment [] dwelling house (usual place of abode) within the state. Deponent was unable with due diligence to find defendant or person of suitable age and discretion thereat having called there
"Your deponent made inquiry as to the Defendant's current place of employment from the Plaintiff's counsel, who did not have such information; no employment information was available from any neighbor or other person with knowledge, and no such information is otherwise known to deponent"

☒ **#4 MAILING**
On 8/19/2026, deponent enclosed a copy of same in a postpaid envelope properly addressed to defendant at defendant's last known [] Actual Place of Residence [X] Actual Place of Business, **68 COURT STREET, Buffalo, NY 14202** and deposited the envelope in an official depository, personally or via agency, under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "personal and confidential" and did not indicate on the outside, thereof by return address or otherwise that the communication was from an attorney or concerned an action against the defendant.
68 COURT STREET, Buffalo, NY 14202

☐ **#5 Corporation or Partnership or Trust or LLC**
By delivering thereat a true copy of each to personally. Deponent knew said corporation/partnership/trust/LLC so served to be the corporation/partnership/trust/LLC described in said aforementioned document as said defendant and knew said individual to be thereof.

☒ **#6 PERCEIVED DESCRIPTION**
**Gender**: Female **Race**: Black **Color of hair:** Black/Gray **Glasses**: No
**Age**: 51 - 65 Yrs. **Height**: 5' 4" - 5' 8" **Weight**: 131-160 Lbs **Other Features**.

☒ **#7 MILITARY SERVICE**
I asked the person spoken to whether defendant was in active military service of the United States or the State of New York in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated.

☐ **#8 WITNESS FEES**
Subpoena Fee Tendered in the amount of

☐ **#9 OTHER**

**I affirm on 8/19/2026 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, except as to matters alleged on information and belief and as to those matters I believe it to be true, and I understand that this document may be filed in an action or proceeding in a court of law.**

MONIQUE GEISING

*ESQUIRE PROCESS SERVICE LLC, P.O. BOX 337, LACKAWANNA, NY 14218*

# EXHIBIT D

~~SUPREME COURT OF THE STATE OF NEW YORK~~
COUNTY OF ERIE

Job #: 1537354

Attorney: PH.
Address:

| | |
|---|---|
| TOMISHA MACK, O/B/O R.N., A MINOR CHILD<br>Plaintiff<br>vs<br>CITY OF BUFFALO, NEW YORK<br>Defendant | **Index Number:**<br>**Date Filed:**<br>**Client's File No.:**<br>**Court Date:** |

**MONIQUE GEISING**, affirms and says:

# AFFIRMATION OF SERVICE

Deponent is not a party herein; is over the age of 18 years and resides in the State of New York.

On **8/18/2026**, at **1:15 PM** at: **68 COURT STREET, Buffalo, NY 14202** Deponent served the within **Summons and Complaint with Notice of Commencement of Action Subject to Mandatory Electronic Filing**

On: **JOSHUA KACZMAREK C/O BUFFALO POLICE DEPT.**, therein named.

☐ **#1 INDIVIDUAL**
By delivering a true copy of each to said recipient personally; Deponent knew the person so served to be the person described in as said recipient therein.

☒ **#2 SUITABLE AGE PERSON**
By delivering thereat a true copy of each to AMELITE KING (Report Technician/Authorized to accept) a person of suitable age and discretion. Said premises is recipient's [X] actual place of business / employment [] dwelling house (usual place of abode) within the state.

☐ **#3 AFFIXING TO DOOR**
By affixing a true copy of each to the door of said premises which is defendants
[] actual place of business / employment [] dwelling house (usual place of abode) within the state. Deponent was unable with due diligence to find defendant or person of suitable age and discretion thereat having called there
"Your deponent made inquiry as to the Defendant's current place of employment from the Plaintiff's counsel, who did not have such information; no employment information was available from any neighbor or other person with knowledge, and no such information is otherwise known to deponent"

☒ **#4 MAILING**
On 8/19/2026, deponent enclosed a copy of same in a postpaid envelope properly addressed to defendant at defendant's last known [] Actual Place of Residence [X] Actual Place of Business, **68 COURT STREET, Buffalo, NY 14202** and deposited the envelope in an official depository, personally or via agency, under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "personal and confidential" and did not indicate on the outside, thereof by return address or otherwise that the communication was from an attorney or concerned an action against the defendant.

68 COURT STREET, Buffalo, NY 14202

☐ **#5 Corporation or Partnership or Trust or LLC**
By delivering thereat a true copy of each to personally. Deponent knew said corporation/partnership/trust/LLC so served to be the corporation/partnership/trust/LLC described in said aforementioned document as said defendant and knew said individual to be thereof.

☒ **#6 PERCEIVED DESCRIPTION**
**Gender**: Female **Race**: Black **Color of hair**: Black/Gray **Glasses**: No
**Age**: 51 - 65 Yrs. **Height**: 5' 4" - 5' 8" **Weight**: 131-160 Lbs. **Other Features**:

☒ **#7 MILITARY SERVICE**
I asked the person spoken to whether defendant was in active military service of the United States or the State of New York in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated.

☐ **#8 WITNESS FEES**
Subpoena Fee Tendered in the amount of

☐ **#9 OTHER**

**I affirm on 8/19/2026 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, except as to matters alleged on information and belief and as to those matters I believe it to be true, and I understand that this document may be filed in an action or proceeding in a court of law.**

MONIQUE GEISING

*ESQUIRE PROCESS SERVICE LLC, P.O. BOX 337, LACKAWANNA, NY 14218*

# EXHIBIT E

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

TOMISHA MACK, o/b/o R.N., a minor child

Plaintiffs,

vs.

CITY OF BUFFALO, ALEXANDER BRENNAN, and JOSHUA KACZMAREK,

Defendants.

**ANSWER**

Index No.: 816622/2026

Defendants, City of Buffalo ("City"), Alexander Brennan ("Officer Brennan"), and Joshua Kaczmarek ("Officer Kaczmarek") (collectively "Defendants"), by and through their undersigned attorneys, for their Answer to Plaintiff's Complaint, upon information and belief:

## JURISDICTION AND VENUE[1]

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

## PARTIES

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

3. Deny the allegations in paragraph 2.a through 2.c.

## FACTUAL ALLEGATIONS

4. Deny the allegations in paragraph 1.

[1] In Plaintiff's Complaint, the numbered paragraphs under the headings "I. Jurisdiction and Venue" and "II. Parties" and "III. Factual Allegations" all start with paragraph "1". But under "IV. Causes of Action" the first paragraph is number "10", continued from the preceding section III. This Answer will refer the paragraph numbers as they appear under each heading in the Complaint.

5. In response to paragraph 2, admit only that the Buffalo Police Department received 911 calls about a stolen vehicle and about a motor vehicle accident. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegation that "the aforementioned defendants were responding to a report and 911 calls", because it is ambiguous in referring to an indefinite group of persons and asserts legal conclusions rather than factual allegations.

6. Deny the allegation in paragraph 3.

7. Deny the allegation in paragraph 4.

8. Deny the allegation in paragraph 5.

9. Deny the allegation in paragraph 6.

10. Deny the allegation in paragraph 7.

11. Deny the allegation in paragraph 8

12. Deny the allegation in paragraph 9.

**CAUSES OF ACTION**

13. Deny the allegation in paragraph 10.

14. Deny the allegation in paragraph 11.

15. Deny the allegation in paragraph 12.

16. Deny the allegation in paragraph 13.

17. Deny the allegation in paragraph 14.

18. Deny the allegation in paragraph 15.

19. Deny each and every allegation not specifically admitted herein.

**FIRST DEFENSE**

20. Plaintiff failed to join necessary parties.

**SECOND DEFENSE**

21. The Complaint is barred under the doctrine of qualified immunity.

**THIRD DEFENSE**

22. The Complaint is barred by the existence of probable cause and/or reasonable suspicion and by exigencies that rendered any actual use of force reasonable and justified under the circumstances.

**FOURTH DEFENSE**

23. On information and belief the Complaint is barred by the emergency doctrine or the "emergency aid" doctrine.

**FIFTH DEFENSE**

24. All damages alleged in the Complaint were caused in whole or in part by the Plaintiff's own culpable conduct and assumption of the risks associated with the activities in which he was engaged.

**SIXTH DEFENSE**

25. The claims asserted in the Complaint are barred, in whole or in part, by the applicable statutes of limitation.

**SEVENTH DEFENSE**

26. In the event that plaintiff does recover against Defendants, Defendants will request that an apportionment of fault be made as to all parties and non-parties legally responsible for plaintiff's alleged damages and will further request a judgment or

declaration of indemnification or contribution against all those parties or non-parties in accordance with the apportionment of fault.

**EIGHTH DEFENSE**

27. The Complaint is barred under the doctrine of governmental function immunity.

**NINTH DEFENSE**

28. The Complaint may be barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

**TENTH DEFENSE**

29. The Complaint fails to state a cause of action.

**ELEVENTH DEFENSE**

30. Defendants owed plaintiff no special duty of care.

**TWELFTH DEFENSE**

31. The Complaint is barred because Plaintiff lacks standing.

**THIRTEENTH DEFENSE**

32. If Plaintiff establishes the right to recover any damages from the Defendants, which is denied, the amount of damage must be diminished under CPLR 1411.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants request judgment dismissing plaintiff's complaint or diminishing plaintiff's recovery pursuant to the defenses set forth herein, together with the costs and disbursements of this action, and any additional relief the court deems just and proper.

Dated: September 4, 2026
Buffalo, New York

ROSA ALINA PIZZI
Buffalo Corporation Counsel

s/ *William V. Rossi*
William V. Rossi
Deputy Corporation Counsel
65 Niagara Square
Buffalo, NY 14202
716-851-4343

To: Mark A. Overall, Esq.
United Legal Fighters
3960 Harlem Road, Suite 4
Buffalo, New York 14226
(716) 777-6554

# EXHIBIT F

**IN THE SUPREME COURT OF ERIE COUNTY, NEW YORK**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **TOMISHA MACK, o/b/o R.N., a minor child** (Plaintiff) | * * * | |
| **vs.** | * * * | **Case/Index# 816622/2026** |
| **CITY OF BUFFALO, NEW YORK, et. al.** (Defendants) | * * | |

**PLAINTIFF'S FIRST CONSOLIDATED DISCOVERY DEMANDS FOR DEFENDANT CITY OF BUFFALO, NEW YORK**

1. Please provide a copy of ALL findings, reports, pictures, memoranda, writings, audio recordings, video footage, grievances, or any other evidentiary materials pertaining to the incident that forms the basis of this action.

2. Please provide a copy of the personnel files of each officer named as a defendant in this civil action, limiting such production to disciplinary actions, adverse employment actions, and information that bears directly on credibility, honesty, or impeachment.

Respectfully Submitted:
Attorney for Plaintiff

/s/ Mark Overall
Mark A. Overall, Esq.
**UNITED LEGAL FIGHTERS**
3960 Harlem Road, Suite 4
Buffalo, New York 14226
Cell: 716.777.6554
Email: askmarkesq@gmail.com

**AFFIRMATION OF SERVICE**

I affirm that a copy of the foregoing has been served upon the following parties via electronic filing/electronic mail:

**/s/ Mark A. Overall**
Mark A. Overall, Esq.
Attorney for Plaintiff

**ALL COUNSEL OF RECORD VIA NYSCEF**

# EXHIBIT G

**IN THE SUPREME COURT OF ERIE COUNTY, NEW YORK**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **TOMISHA MACK, o/b/o R.N., a minor child** (Plaintiff) | * * * | |
| **vs.** | * * | **Case/Index# 816622/2026** |
| **CITY OF BUFFALO, NEW YORK, et. al.** (Defendants) | * * | |

**PLAINTIFF'S REQUEST FOR A PRELIMNARY CONFERENCE**

Plaintiff requests the Court to schedule a preliminary conference in order to facilitate the timely scheduling, discovery, and future adjudication of this matter.

Respectfully Submitted:
Attorney for Plaintiff

**/s/ Mark Overall**
Mark A. Overall, Esq.
**UNITED LEGAL FIGHTERS**
3960 Harlem Road, Suite 4
Buffalo, New York 14226
Cell: 716.777.6554
Email: askmarkesq@gmail.com

**AFFIRMATION OF SERVICE**

I affirm that a copy of the foregoing has been served upon the following parties via electronic filing/electronic mail:

**/s/ Mark A. Overall**
Mark A. Overall, Esq.
Attorney for Plaintiff

**ALL COUNSEL OF RECORD VIA NYSCEF**

# EXHIBIT H

NYSCEF DOC. NO. 8 RECEIVED NYSCEF: 09/08/2026

UCS-840
(rev. 12/16/2024)

# REQUEST FOR JUDICIAL INTERVENTION

Supreme COURT, COUNTY OF Erie

Index No: 816622/2026 Date Index Issued: 08/13/2026

**For Court Use Only:**
IAS Entry Date
Judge Assigned
RJI Filed Date

**CAPTION** Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

Tomisha Mack, o/b/o R.N., a minor child

Plaintiff(s)/Petitioner(s)

-against-

City of Buffalo, New York, Alexander Brennan, Joshua Kaczmarek

Defendant(s)/Respondent(s)

**NATURE OF ACTION OR PROCEEDING:** Check only one box and specify where indicated.

**COMMERCIAL**

☐ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
☐ Contract
☐ Insurance (where insurance company is a party, except arbitration)
☐ UCC (includes sales and negotiable instruments)
☐ Other Commercial *(specify)*: ______

***NOTE:*** *For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the* ***COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C)****.*

**TORTS**

☐ Asbestos
☐ Environmental *(specify)*: ______
☐ Medical, Dental or Podiatric Malpractice
☐ Motor Vehicle
☐ Products Liability *(specify)*: ______
☐ Other Negligence *(specify)*: ______
☐ Other Professional Malpractice *(specify)*: ______
☒ Other Tort *(specify)*: 1983 - Civil Rights

**SPECIAL PROCEEDINGS**

☐ Child-Parent Security Act *(specify)*: ☐ Assisted Reproduction ☐ Surrogacy Agreement
☐ CPLR Article 75 - Arbitration [see ***NOTE*** in **COMMERCIAL** section]
☐ CPLR Article 78 - Proceeding against a Body or Officer
☐ Election Law
☐ Extreme Risk Protection Order
☐ MHL Article 9.60 - Kendra's Law
☐ MHL Article 10 - Sex Offender Confinement *(specify)*: ☐ Initial ☐ Review
☐ MHL Article 81 (Guardianship)
☐ Other Mental Hygiene *(specify)*: ______
☐ Other Special Proceeding *(specify)*: ______

**MATRIMONIAL**

☐ Contested

***NOTE:*** *If there are children under the age of 18, complete and attach the* ***MATRIMONIAL RJI Addendum (UCS-840M)****.*

*For Uncontested Matrimonial actions, use the Uncontested Divorce RJI* ***(UD-13)****.*

**REAL PROPERTY** Specify how many properties the application includes: ______

☐ Condemnation
☐ Mortgage Foreclosure *(specify)*: ☐ Residential ☐ Commercial
Property Address: ______

***NOTE:*** *For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the* ***FORECLOSURE RJI ADDENDUM (UCS-840F)****.*

☐ Partition

***NOTE:*** *Complete and attach the* ***PARTITION RJI ADDENDUM (UCS-840P)****.*

☐ Tax Certiorari *(specify)*: Section: ______ Block: ______ Lot: ______
☐ Tax Foreclosure
☐ Other Real Property *(specify)*: ______

**OTHER MATTERS**

☐ Certificate of Incorporation/Dissolution [see ***NOTE*** in **COMMERCIAL** section]
☐ Emergency Medical Treatment
☐ Habeas Corpus
☐ Local Court Appeal
☐ Mechanic's Lien
☐ Name Change/Sex Designation Change
☐ Pistol Permit Revocation Hearing
☐ Sale or Finance of Religious/Not-for-Profit Property
☐ Other *(specify)*: ______

**STATUS OF ACTION OR PROCEEDING** Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | | |
|---|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | ☒ | ☐ | If yes, date filed: | 08/10/2026 |
| Has a summons and complaint or summons with notice been served? | ☒ | ☐ | If yes, date served: | 08/18/2026 |
| Is this action/proceeding being filed post-judgment? | ☐ | ☒ | If yes, judgment date: | |

**NATURE OF JUDICIAL INTERVENTION** Check one box only and enter additional information where indicated.

☐ Infant's Compromise
☐ Extreme Risk Protection Order Application
☐ Note of Issue/Certificate of Readiness
☐ Notice of Medical, Dental or Podiatric Malpractice Date Issue Joined: ______
☐ Notice of Motion Relief Requested: ______ Return Date: ______
☐ Notice of Petition Relief Requested: ______ Return Date: ______
☐ Order to Show Cause Relief Requested: ______ Return Date: ______
☐ Other Ex Parte Application Relief Requested: ______
☐ Partition Settlement Conference
☒ Request for Preliminary Conference
☐ Residential Mortgage Foreclosure Settlement Conference
☐ Waiver of Court Costs, Fees and Expenses
☐ Writ of Habeas Corpus
☐ Other *(specify)*: ______

**RELATED CASES** List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**.

| Case Title | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**PARTIES** For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided. If additional space is required, complete and attach the **RJI Addendum (UCS-840A)**.

| Un-Rep | Parties<br>List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | Attorneys and Unrepresented Litigants<br>For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | Issue Joined<br>For each defendant, indicate if issue has been joined. | Insurance Carriers<br>For each defendant, indicate insurance carrier, if applicable. |
|---|---|---|---|---|
| ☐ | Name: Tomisha Mack, o/b/o R.N., a minor child<br>Role(s): Plaintiff/Petitioner | MARK OVERALL, UNITED LEGAL FIGHTERS, 3960 HARLEM RD, SUITE 4 , AMHERST, NY 14226, askmarkesq@gmail.com | ☒ YES ☐ NO | |
| ☐ | Name: City of Buffalo, New York<br>Role(s): Defendant/Respondent | William Rossi, Buffalo Corporation Counsel, 1100 City Hall, 65 Niagara Square , Buffalo, NY 14202, 716-851-4312, wrossi@buffalony.gov | ☒ YES ☐ NO | |
| ☐ | Name: Brennan, Alexander<br>Role(s): Defendant/Respondent | William Rossi, Buffalo Corporation Counsel, 1100 City Hall, 65 Niagara Square , Buffalo, NY 14202, 716-851-4312, wrossi@buffalony.gov | ☒ YES ☐ NO | |
| ☐ | Name: Kaczmarek, Joshua<br>Role(s): Defendant/Respondent | William Rossi, Buffalo Corporation Counsel, 1100 City Hall, 65 Niagara Square , Buffalo, NY 14202, 716-851-4312, wrossi@buffalony.gov | ☒ YES ☐ NO | |
| ☐ | Name:<br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br>Role(s): | | ☐ YES ☐ NO | |
| ☐ | Name:<br>Role(s): | | ☐ YES ☐ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated: 09/08/2026

MARK ANDREW OVERALL
Signature

6057749
Attorney Registration Number

MARK ANDREW OVERALL
Print Name

*This form was generated by NYSCEF*